PROVIDENCE JOURNAL COMPANY,
Plaintiff, Appellee,

v.

FEDERAL BUREAU OF INVESTIGA-
TION, Defendant, Appellee,

v.

Raymond L. S. PATRIARCA,
Intervenor, Appellee.

Appeal of UNITED STATES DEPART-
MENT OF JUSTICE, Defendant.

PROVIDENCE JOURNAL COMPANY,
Plaintiff, Appellee,

v.

FEDERAL BUREAU OF INVESTIGA-
TION et al., Defendants, Appellees.

Appeal of Raymond L. S. PATRIARCA,
Intervenor.

Nos. 79–1056, 79–1067.

United States Court of Appeals,
First Circuit.

Submitted Feb. 16, 1979.

Decided Feb. 20, 1979.

Leonard Schaitman and Michael Jay Singer, Attys. Dept. of Justice, Washington, D. C., on motion for stay pending appeal for Federal Bureau of Investigation, et al.

William M. Kunstler, New York City, and Harris L. Berson, Providence, R. I., on motion for stay pending appeal for Raymond L. S. Patriarca.

Matthew F. Medeiros, Joseph V. Cavanagh, Jr., and Edwards & Angell, Providence, R. I., on memorandum in opposition to the motions for stay for Providence Journal Co.

Before COFFIN, Chief Judge, and CAMPBELL, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Defendants, Federal Bureau of Investigation and others, and Intervenor, Raymond L. S. Patriarca, have requested stays pending their appeals of the district court's order that certain FBI documents be forthwith disclosed to the plaintiff, Providence Journal Company. These documents reflect the results of an unauthorized and illegal wiretap which the FBI maintained at Patriarca's place of business in 1962–65. Defendants and the Intervenor appeal from the district court's ruling that, with certain exceptions, all this material be made available to the Journal.

The district court, while issuing a stay of several days in order to permit this court to orient itself and, if so inclined, grant a further stay, declined to do more. The court pointed out that, in effect, it had analyzed the case fully, that its order reflected its considered judgment, and that it would be "expecting too much to have it critically determine, as would be done through the mind of a stranger," whether appellants had made a strong showing of likely success on appeal. In view of the decision it had reached in the case, the district court thought that more than a brief stay would be a "prior restraint" on the Journal's publication rights as it had found them to be.

This court necessarily approaches the matter from a different perspective. While we give weight to the views of the district court, the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal. Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court before it becomes irrevocable. Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored.

Appellants are not, of course, entitled to a stay pending appeal without showing that their appeals have potential merit. We believe that they have made a sufficient showing on this score. Where, as here, the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay. See Washington Metropolitan Area Transit Commission v. Holiday Tours, 182 U.S.App. D.C. 220, 559 F.2d 841 (1977). Our reading of the district court's opinions and of the briefs indicates that there are serious legal questions presented. The district court itself stated,

"[T]his is a case of initial impression wherein respectable minds might differ and [embodies] a strong public policy . . . .."

Failure to grant a stay will entirely destroy appellants' rights to secure meaningful review. On the other hand, the granting of a stay will be detrimental to the Journal (and to the public's interest in disclosure) only to the extent that it postpones the moment of disclosure—assuming the Journal prevails—by whatever period of time may be required for us to hear and decide the appeals. Weighing this latter hardship against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor the issuance of a stay.

The motions for stay pending appeal are allowed. All materials which are the subject matter of these appeals, now in possession of the district court, are to remain impounded until further order of this court.