**Hyman SHICK and Mona Shick, Plaintiffs,**

v.

**FARMERS HOME ADMINISTRATION OF the UNITED STATES DEPARTMENT OF AGRICULTURE; John Block, in his official capacity as Secretary of the United States Department of Agriculture, and the United States of America, Defendants.**

Civ. A. No. 83–1523–C.

United States District Court, D. Massachusetts.

June 24, 1985.

Shaprio & Grace, Carolyn Grace, Deborah Hiatt, Boston, Mass., for plaintiffs.

Joan Milstein, Asst. U.S. Atty., Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which the plaintiffs' amended complaint sought to state claims under the Consolidated Farm and Rural Development Act ("CFRDA"), 7 U.S.C. § 1921 *et seq.*, the Agricultural Credit Act ("ACA"), 7 U.S.C. § 1981a, and the Fifth Amendment to the United States Constitution. On the defendant's motion, this complaint was dismissed for failure to exhaust administrative remedies, 583 F.Supp. 534. The Court of Appeals, affirming in part and reversing in part, vacated this court's dismissal of the Agricultural Credit Act count but affirmed the dismissal of the remaining counts. *Shick v. Farmers Home Administration*, 748 F.2d 35 (1st Cir.1984). The matter is now before

the court on the plaintiffs' motion to further amend the complaint by filing a second amended complaint.

The facts surrounding this controversy have been stated both in this court's previous memorandum and the Court of Appeals opinion. For purposes of this memorandum, it is sufficient to say that Hyman and Mona Shick were the owners of a dairy farm in Wayland, Massachusetts; that they received a series of loans from the Farmers Home Administration (FmHA), and that FmHA accelerated the loans, foreclosed, forced a sale, and bought the farm. During the course of their dealings with the agency, the Shicks were advised that they could appeal the accelleration decision to the FmHA area coordinator. The Shicks did not take advantage of this appeal procedure.

The crux of the Court of Appeals decision was that because of their failure to exhaust administrative remedies, the plaintiffs were barred from this civil action unless the claims stated in the complaint fell within one or more exceptions to that doctrine. At 39. The Court of Appeals ruled that although the other claims were so barred, the § 1981a claim was not barred because the Shicks had not been informed of the special appeals procedure set forth in § 1981a. At 41. The Court of Appeals went on to say that the § 1981a claim failed to state a claim pursuant to the ACA and would fall before a Rule 12(b)(6) motion to dismiss. At 42.

Together with their motion to amend, the plaintiffs have tendered a proposed second amended complaint. By means of this motion and complaint, the plaintiffs seek to accomplish two objectives: (1) allege facts sufficient to state a claim pursuant to § 1981a; and (2) allege facts sufficient to except certain additional counts from the exhaustion doctrine.

### Count II

The Agricultural Credit Act, 7 U.S.C. § 1981a, provides that:

In addition to any other authority that the Secretary may have to defer principal and interest and forego foreclosure, the Secretary may permit, at the request of the borrower, the deferral of principal and interest on any outstanding loan made, insured, or held by the Secretary under this chapter, or under the provisions of any other law administered by the Farmers Home Administration, and may forego foreclosure of any such loan, for such period as the Secretary deems necessary upon a showing by the borrower that due to circumstances beyond the borrower's control, the borrower is temporarily unable to continue making payments of such principal and interest when due without unduly impairing the standard of living of the borrower.

The first amended complaint was defective with respect to § 1981a in that it failed to allege certain facts necessary for relief; i.e. that due to: "(1) circumstances beyond the borrower's control, (2) the borrower is temporarily unable to continue making payments..., (3) without unduly impairing his standard of living." At 41.

 In their second amended complaint, the plaintiffs allege, *inter alia*, that due to a temporary market aberration which raised the cost of dairy cows while reducing the price of milk, the plaintiffs were unable to meet scheduled debt payments. The plaintiffs further allege that they were unable to pay "essential family living expenses," thereby unduly impairing their standard of living.

The defendants contend that the plaintiffs' motion to amend this count should be denied because the complaint does not sufficiently allege a temporary condition. Based upon financial information contained in the second amended complaint and attached documents, the defendants calculate that plaintiffs could not have met their obligations even after the adverse market conditions ceased. These calculations, however, fail to consider the full beneficial effect of a moratorium on the payment of principal and interest as provided for in the statute. Once relieved of the burden of these payments, the plaintiffs might have been able to increase the size of the dairy herd by purchasing additional livestock.

Naturally, an increased herd would result in increased revenues after the moratorium period, possibly enabling the plaintiffs to meet their obligations. Because these calculations may involve matters extraneous to the complaint such as farm practices, FmHA procedures, and alternative sources of income and/or financing; the matter would not be appropriate for resolution on a 12(b)(6) motion. By the same token, these concerns are not an adequate cause to deny the motion for leave to amend.

■ The defendants also argue that plaintiffs' allegations are deficient with regard to the unduly impaired standard of living requirement of § 1981a, in that the allegations are conclusory. I note, however, that the plaintiffs have specifically alleged that they were "unable to pay essential family living expenses, unable to pay normal farm operating expenses, [and] unable to maintain essential chattels and real estate." I rule that these allegations satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, the plaintiffs motion to amend should be allowed as to this count.

*Counts I, III, IV, V*

In that the remaining counts present several different legal issues, they are best dealt with seriatum.

■ Count I of the second amended complaint, purporting to state a claim under the CFRDA and the ACA, is substantially the same as Count I of the first amended complaint. To avoid the exhaustion doctrine, the plaintiffs have now added an allegation that all administrative remedies were exhausted in that the "decision of the District Director was approved by the Director of the Emergency Loan Division ... and by the highest officials in the FmHA." The plaintiffs further allege that due to "FmHA's illegal practice and policy of refusing to implement the provisions of 7 U.S.C. § 1981a, any further request to the administration for relief would be futile."

Despite these allegations, it is apparent that the plaintiffs failed to follow the appeals procedure set forth in 7 C.F.R. § 1900, Subpart B, which provides that the District Director's decision may be appealed to the State Director or his designee. The fact that the acceleration decision may have been approved by another FmHA official does not eliminate this deficiency. Furthermore, the plaintiffs' allegation of FmHA's "illegal practice and policy" is conclusory and does not support their allegation that further administrative appeal would have been futile. On this basis, I rule that count I of the second amended complaint would be barred by the exhaustion of administrative remedies doctrine, as was count I of the first amended complaint.

■ Count III purports to state a claim under the Fifth Amendment to the United States Constitution. Because the allegations in Count III challenge the constitutionality of particular FmHA procedures, it adequately states a constitutional claim. *See* at 39. Consequently, this Count is excepted from the requirements of the exhaustion doctrine and amendment should be allowed. *See Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).

Counts IV and V present similar issues and may be dealt with simultaneously. Count IV purports to state a claim under the Administrative Procedures Act for judicial review of administrative action which is "arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with law." 5 U.S.C. § 701 *et seq.* Count V purports to state a claim for adjudication of title to real property pursuant to 28 U.S.C. § 2409a. Both counts are substantially identical to counts in the first amended complaint which were dismissed. Neither count alleges facts which would indicate that it should be wholly exempt from the requirements of the exemption doctrine. Counts IV and V are, however, now before the court in a different light due to the Appeals Court's ruling that plaintiffs § 1981a claim is not barred by the doctrine.

■ The doctrine of exhaustion of administrative remedies should be applied to a case with consideration of its purposes and an understanding of the administrative scheme being challenged. *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969). The § 1981a procedure is distinct from other avenues of administrative remedy, and therefore comprises a separate administrative scheme. In that the purposes of the doctrine do not require that the § 1981a claim be barred, claims based on alternate theories which challenge the same administrative conduct should not be barred. Nevertheless, there is no reason why the plaintiffs should be exempted from the doctrine with respect to *all* of FmHA's actions when only claims relating to the moratorium issue are properly exempt. Consequently, I rule that amendment of Counts IV and V should be allowed only insofar as they relate to FmHA's failure to give notice and an opportunity to request a moratorium under § 1981a. *See Aleknagik Natives Ltd. v. Andrus*, 648 F.2d 496 (9th Cir.1980) (exhaustion of administrative remedies required in quiet title action except where the particular administrative scheme renders administrative remedies futile or inadequate.)

Order accordingly.